DEFENDANT(s) 22 CV 486 JDP

1.) Rock County Courthouse Manager

2.) Director Of State Court(s)

3.) Court Commissioner, Stephen D. Myers(s)

4.) Deputy Clerk, Rock County Courthouse

5.) United States District Court, Clerk

6.) All John or Jane Doe, Employee(s) responsibile for Creation Of Court Case Record(s) Via Small Claim(s) Via Appointed Court Reporter, For All Branches Of Litigation(s) Via Small Claims.

COMPLAINT:    22 CV 486 JDP

I.) Plaintiff Asserts His First, Fifth, Sixth, Eight, and 14th State / Federal Constitutional Due Process Rights Were Violated Because Rock County Small Claims Staff Conducted His Court Hearing Absent Mandates Impregnated Via Due Process Clause Protections Of Wisconsin Public Records Law; Federal Freedom Of Information Act; And Absolute Right To Appeal.

In the instant case, Plaintiff, filed a Judicial Substition within statutory Time Prescribed, via Wisconsin / Federal Case Laws; Statutes.

The Deputy Clerk and Court Commissioner, evaded Transactional Process via Plaintiffs Due Process. Specifically, Deputy Clerk and Court Commissioner had secret meeting and decided best Course of action was to Circumvent Re-assignment via Conducting a Hearing.

The plaintiff filed his Substitution on 06-30-2022. The Court Case No. 2022SC1148, was scheduled for Court Commissioner review on. 7-13-2022.

(Lawsuit Against)
(Court Reporter)

9.) Immediately upon the court commissioner, entertaining the case Via ZOOM, Plaintiff requested; Substitution and Denied consent v/a Court Commissioner's review. (Please note, Plaintiff has not filed the Lawsuit to contest the Court's Judgment via Substitution). (Sake of Information, is to demonstrate cause for review of Incompetent Court Staff and Show - Avenue(s) of Unchecked Power(s) via Judicial Executions of Unpoliced Court Officer).

On 8-1-2022, Plaintiff filed a Fee Waiver Form via Production of Hearing Transcripts; In Confuction with Hand written letter Via Jurisdictional Purview Of Wisconsin. Public Records/Open Records Law and Freedom Of Information Act.

On 8-3-2022, Plaintiff recieved his Fee Waiver Form(s) and Letter via ROCK County Clerk Staff. (Please Note, Document Written-via Court Clerk was not Dated/signed as Mandated by Law). The Court anonymous return of Sent documents, further, noted, ROCK County Small Claims Court Staff has no assigned Court Reporter. This non-disclosure Violates, Plaintiff's efforts to demonstrate Due-Diligence Via manipulation(s) Of Other Parties Of Litigation(s); Including Judicial Misconduct" Proffered on the Court Record.

Plaintiff; has researched and filed numerous Wisconsin Open Records Request(s); Freedom of Information Request(s) via small Claims (Dane County) (Other Counties / State(s)), Therein, he has been furnished with Hearing Transcripts.

Plaintiff, read(s) Wisconsin Open Records Law and Freedom of Information Act and his physical / spiritual abilitie(s) discern "All Court Hearings ° Judicial Function(s); Must have A Court Reporter or Recording Device via Recording of Event Subjected to Transactional Appellate Review via Appeal of Aggrieved Party." In Other Words, a Court or Judicial Body Conducting A Hearing Must Preserve A Challenge via Competent Record Of Evidence Defending Proper Exercise of Discretion (s) or Court Function(s) via Unprecedented Legal Avenue(s) Impregnating via New Retroactive Established Laws Impregnated via Competent Court System(s) / Judge(s).

For Example, a Plaintiff generally is sworn to Oath via Competent Court. Once placed under Oath a record is preserved. For BIBLE (PROMISES VIA DISCRENMENT FROM GOD TO MAN / WOMAN (ALL PARTIES). (ALL HUMAN(S) ARE

Subject to God's Power). See Champlain v. State, 53 Wis. 2d 751, 754, 193 N.W. 2d 868, 871 (1972). (Defective Record). Contextually, Humans will lie to avoid penalties of Guilt via litigated causecss. See Jackson v. State, 92 Wis. 2d 1 (1979). HN (2) (Larceny) (False Testimony).

When new evidence surfacecss that is most favorable to a litigant and litigant Petitioncss to the court via Wisconsin Open Records Law or Freedom of Information Act, and is informed his electronic filed case is published on CCAP as a Public Document; Yet no record exsist of the Testimony.

A litigant is blind-sided via Ineffective Court Process and this lack of Record Deprieves a Reviewing Court Proper Avenue via Discernment of Legal Authorities Governing Causation of Issuecss.

Further, Plaintiff was not provided notice that he would have to attend a Court Hearing Absent Court Reporter. Nor was he given Permission via allowance of use of Recording Device for Preservation of Appeal Subject To Testimony and Judicial Determinations.

The plaintiff believes the Wisconsin Open Records Law and Freedom Of Information Act, Mandates All Courts To Preserve Records of Court Mattercss That Each Court Seperately entertaincss given rise to level of Observation via Court Level Status (Circuit, Appeal, Supreme).

"SECTION C"

# JURISDICTION

## STATEMENT

The Court has jurisdiction over this action Pursuant 28 U.S.C. § 1331.

See West v. Atkins, 487 U.S. 42, 49 (1988)

SECTION C

C.) JURISDICTIONAL
STATEMENT

The United States Constitution Impregnates
Federal Power(s) Pursuant 28 U.S.C. § 1331
for Review Of Federal Protected Right Claims via
Plaintiffs, and 42 U.S.C. § 1983.

See West v. Atkins, 487 U.S 42, 49
(1988). Plaintiff notec(s) Plaintiff" Defendant(s)
list Consist of individuals that will declare
Immune from suit. However, for continous
Viblation(s) of Due Process via Unprecedented
Avenue(s) outside Court Guidance, Plaintiff believe
Cause(s) are just to find. Defendant's violated
his Due Process Of Law Protections under first,
Fifth, Sixth, Eight, and 14 Amendment(s) via state/
Federal Constitution(s).

( Jurisdictional )
( Statement NO )
( Court Repoter )

# JURISDICTION

## STATEMENT

Federal Courts have limited Umbrella Via review of Civil Right(s) Lawsuit(s), only under purview(s) set via Congress or the United State(s) Constitution Can the Federal Court(s) entertain Lawsuit Pursuant 28 U.S.C. § 1331. See McCreedy v. White, 417 F.3d 700, 702 (7th Cir. 2005).

Moreover, Plaintiff moves the Federal Court Via Conduit of Rule 8. Under Rule 8, a complaint must include a Short Statement of Issue that manifest(s) relief(s) are allowed via allegations against defendant's association(s) of Injury. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007).

Denial of Appeal and Creation of Record via Court Reporter is reviewable, Especialy

# "JURISDICTION STATEMENT"

When unprecedented and Illegal conduct(s) are utilized to deny Plaintiff Access To Court Hearing Transcripts via Secret Meetings between Courthouse Staff. Denial of Due Process is reviewable under Brady V. Maryland, State ex rel. Singh V. Kemper, 2016 WI 67, 371 Wis. 2d 127, 883 N.W. 2d 86; Cleveland V. Policy Management Systems Corp., 119 S. Ct. 1597, 1603-04(1999); West V. Atkins, 487 U.S. 42, 49 (1988).

Also, 42 U.S.C. § 1983, allows this Court Jurisdiction Over All Void Claims Of Immunity from Suit Given rise to Direct Disregard for Plaintiff" Established Constitutional Rights via Due Process. Court House Staff are aware of Due Process Protections via Creation of Records for Appeals via Judicial Commission; Appellate Reviews. No Record, Plaintiff is deprieved Jurisdiction to fully Resolve Allegation(s) against Unrecorded Court.

## END OF SECTION

(Jurisdiction Statement)
Court Reporter

# CASE LAW

1.) Right For Appellate Review of Commissioner Judicial or Judge Review via Wisconsin Supreme Court "Office of Grievances Against Court Commissioner or Judge. See Wisconsin Judicial Commission Annual Report Dated: 2021 ( Per Wisconsin Court Website). Specifically, Section III ( Jurisdiction for Review of erroneous actions that affect integrity of Court" Public Reputations).

2.) Right Via Appellate Review Estabilished Historically via Foundation(s) of Hieracy Court (s) ( Lowest; Middle, Highest. Wisconsin Court Of Appeal(s); Wisconsin Supreme Court; United States District Court; United States Court Of Appeuls, 7th Circuit; United States Supreme Court). At Circuit Court level. Wis. Stat(s) 806.07. ( An agency cannot promulgate an administrative rule eliminating Creation of records), See Chyala V. Bubolz, 204 WW. (2d) 82, 552 N.W. 2d 892 ( Ct. App. 1996).

3.) Wisconsin Open Records. Law Pursuant Wis. Stat(s) 19.31. In relavant Part, " It's Declared and Decreed to be Best Interest of Public Policy to release via State Actions All Greutest Possible information(s) via affairs of Goverment and State Officials who represent them. See Chavala V. Bubolz, 204 WW. (2d) 82, 552 Nw(2d)829 ( Ct. App. 1996)

4.) Freedom Of Information Act:
The Freedom Of Information Act 5, U.S.C. is a
Federal Avenue for disclosure Of information
written, recorded, via executions of mandated
law and Pleadings thereto accompanied via
Judicial Oversight or Referee. See Chrysler V.
Brown, 441 U.S. 281 (1979).

5.) Constitutional Right Via Impregnation
Of Business Record(s) Violated via
NO Assigned Court Reporter. See Mendoza
V. Small Claims Court (1958) Cal. 2d 668 at Pg. 321;
Also, See, Westbrook V. Mihaly (1970) 2 Cal. 3d 765,
773 [87 Cal. Rptr. 839, 471 P. 2d 487]

6.) Circuit Court failed to provide notice
that Rock County Court Commissioner,
via Court Commissioner, Stephen O. Myers
had no assigned Court Reporter. This
violates Adequate Notice To All Parties
Via Parties Decision for Execution Of
Court Case(s) Absent Court Reporter / Created Public
Record. See Brooks V. Small Claims Court,
504 P. 2d 1249; 8 Cal. 3d 661, 105 Cal. Rptr
(Supreme Court 1973).

# CASE LAW

1.) False Information contained in Inmate's Offender file is Subject to correction upon petition via Plaintiff or Defense. A Court must correct false Information via Constitutional Gaurentees of 5th, 6th, 8th, and 14 Amendments of State and Federal Constitution. See State V. Tiempelman, 2006 WI 66. All Records that affect State Decissions must be accurate); United States V. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L. Ed. 2d 592 (1972)

2.) Wisconsin Open Records Law: "In relevant Part; Wis. Stats. § 19.31. Also, See Chavala V. Bubolz, 204 N.W. 2d 82, 552 N.W. 2d 892 (Ct. App. 1996). At All Level(s) Court Must Preserve Integrity of Court Process via Appellate Remidial Levels). See Chavala V. Bubolz, 204 N.W. 2d 82 (Citation(s) Omitted).

3.) Freedom Of Information Act:
Act 5, U.S.C. § 22(a); Chrystler V. Brown, 441 U.S. 281 (1979). Also, See Mendoza V. Small Claims Court (1958) Cal. 2d 668 at 321; Westbrook V. Mihaly (1970) 2 Cal. 3d 765, 773 [87 Cal. Rptr. 839, 471 P. 2d 487].

4.) Court Body Consist Of Following Humans via all levels of Court:

5.) False Police Report Detailing False Reality Of Plaintiff Possessing Mental Illness and Disorder is a Violation Of Plaintiff's Due Process Rights Under both State / Federal Constitution(s) Protected Rights 5th, 6th, 8th, 14th Amendment; Further False Mental Health Claim(s) via Business Record Created Via State Agency is actionable Via Violation(s) Of Equal Protection of Constitutional Law Via Eight Amendment(s) via State / Federal Constitutions. See DiCOCCO v. Hoyer, 3:04 CV 1526 (CFD); Saucier v. Katz; 553 U.S. at 205-06 (Citations Omitted); Harlow V. Fitzgerald, 457 U.S. 800, 818 (1982) (Citations Omitted).

Where Training Has Been Offered and Completed via State Employment Agency(s) And Employee(s) Continue to Violate Plaintiff's Right(s) without Valid Cause(s), The Willful Determination(s) Acting Under The Color Of Law eliminates Soveryn Defense(s) / Immunity Protection(s). See 42 U.S.C.§ 1983. Also, see Saucier V. Katz, 553 U.S. at 205-06; DiCOCCO V. Hoyer, 3:04 CV 1526 (CFD). (False Mental Health Procedures and Policy Practice Utilized via Arresting Officers found liable Under Purview of 42 U.S.C. § 1983.

# REQUESTED RELIEF

1.) Request Court Reporter be assigned to preserve integrity of Appeal Process.

2.) Request Court Reporter be assigned to Rock County Circuit Court Small Claims Via Stephen D. Myer" Courtroom for Police of Radicial Court Commissioner that deviates from Constitutional Protection(s) Gauranteed to All United States Citizens.

3.) Request 100 Million Dollars from each defendant.

4.) Request immediate injunction be issued against Rock County Small Claims Court for Purpose of eradication of Holding Hearings absent Creation of Record, for Appellate Review(s).

# SECTION E.

## JURY TRIAL DEMAND IN THE BEST INTEREST OF JUSTICE

Plaintiff, hereby, moves this honorable Court to set a Jury Trial, via above caption, Pro·Se.

Evenmoreso, Plaintiff, request the court apply the Action(s) of Color of Law review via Plaintiff's Violations Alleged against State Employee(s) via Violation via Due Process for Absent Court Reporter. See West V. Akins, 487 U.S. 42, 49 (1988).

### END OF SECTION

( Jury Trial Demand )
( NO Court Reporter )
( Violation of Due )
( Process )

Date: August 13, 2022

Mr. Timothy Leo Stewart, Sr.
621 West Court Street
Janesville, WI 53548
Phone: 608-436-4362; 608-901-9198
Email: Stewarttimothy938@yahoo.com

United States District Court
Western District Of Wisconsin
420 North Henry Street
Room
Madison, WI 53703

Re:   Two New Lawsuit(s) Against: 1.) Rock
      County Courthouse Staff Members via
      Denial Of Wisconsin Open Records
      Law Via Unequipped Courtroom
      Staff; 2.) Denial Of Protected Right
      Via Free Speech (Discrimination;
      Religion; Public Figure; Retaliation; Forbidden
      Stalking Horse Tatics)

Dear Clerk:

     Please find enclosed for filing
two Seperate Lawsuit(s) and Fee Waiver(s)


                    1. Of 2.

Via execution of action(s).

Please note, A notorized Injury Claim(s)
Form(s) have been sent via U.S. Mail to Notice
Of Injury and Claims form Address:
Attorney General Office (Certified Mail)
114 East State Capitol
Madison, WI 53707-7857

Thanks for your time and attention into
this matter.

Respectfully Submitted,

Timothy Lee Stewart, Sr.
Pro. se.
Date: 8-13-2022

2. of 2.