IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                          Plaintiff,

     v.

ROCK COUNTY COURTHOUSE MANAGER,          OPINION and ORDER
DIRECTOR OF STATE COURT(S),
COURT COMMISSIONER STEPHEN D. MYER(S),        22-cv-486-jdp
DEPUTY CLERK, ROCK COUNTY COURTHOUSE,
UNITED STATES DISTRICT COURT, CLERK, and
ALL JOHN OR JANE DOE EMPLOYEE(S),

                      Defendants.

---

Plaintiff Timothy Lee Stewart, Sr., appearing pro se, alleges that he failed to receive due process in a Wisconsin small claims action. Stewart seeks leave to proceed in forma pauperis, and from the financial affidavit he submitted I conclude that he may proceed without prepayment of the filing fee for this case.

The next step is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Stewart fails to state a claim upon which relief may be granted, and I will dismiss the case.

ALLEGATIONS OF FACT

This case is about a small claims action that Stewart recently brought in Rock County Circuit Court. *See Stewart v. Doe*, Case No. 2022SC1148. Stewart alleges that when he found out that a court commissioner would be hearing the case, he did not consent to that and instead he sought "substitution," but the commissioner reviewed the case anyway, dismissing it. Dkt. 1, at 3. Documents that Stewart received after the dismissal indicated that the court "has no assigned court reporter." *Id.* I take Stewart to be saying that this means that there is no transcript of the hearing. Stewart says that he did not give "permission via allowance of use of recording device for preservation of appeal." *Id.* at 5.

ANALYSIS

I conclude that Stewart's allegations do not state any federal claim for relief. I take him to be contending that the Rock County Circuit Court violated his due process rights by forcing him to appear before a commissioner and then not having a court reporter present for the hearing.

One major problem for Stewart is that this court cannot issue a ruling that would undermine the validity of the state-court judgment against him. Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction over cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983). The *Rooker-Feldman* doctrine also prohibits lower federal courts from deciding matters "inextricably related to state court decisions." *EOR Energy*

*LLC v. Illinois Envtl. Prot. Agency*, 913 F.3d 660, 664 (7th Cir. 2019). So this court cannot entertain a claim that Stewart's case was unlawfully heard by a particular commissioner.

As for Stewart's allegation that the Rock County Circuit Court didn't have a court reporter for the hearing in his small-claims action, I take him to be saying that this resulted in no record being kept of the proceeding, even though he suggests that an audio or video recording of the hearing might still have been made. In any event, Stewart does not state a due process claim. I am aware of no authority suggesting that the Due Process Clause requires court reporters to transcribe (or otherwise record) small-claims hearings before commissioners; the Wisconsin Statute governing the subject implies that no such recording is required. *See* Wis Stat. § 799.205 ("A record of the proceeding shall be made and shall be limited to the time and location of the hearing, the parties, witnesses and attorneys present and the decision."). Stewart appears to be concerned that he couldn't properly appeal the decision without a record of it, but that is not how small-claims procedure works. If Stewart was displeased with the outcome of the commissioner's hearing, he had the right to a brand-new trial—not an appeal— before a circuit-court judge. Wis. Stat. § 799.207(5) ("A timely filing of a demand for trial shall result in a new trial before the court on all issues between the parties."). The circuit court judge wouldn't need a recording of the commissioner's hearing for that trial. Stewart received all the process that he was due under the United States Constitution.

Stewart also suggests that the lack of a recording violated his rights under the Freedom of Information Act (FOIA) or the Wisconsin open records law, Wis. Stat. §§ 19.31–39. But the Freedom of Information Act is a federal statute that does not apply to state governments. *See, e.g., Wrhel v. Wisconsin*, No. 21-cv-38-jdp, 2021 WL 2255124, at *2 (W.D. Wis. June 3,

2021). And a violation of Wisconsin's open records law would give rise to a state cause of action, not a federal one.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of Stewart's claims with prejudice is appropriate because I see no allegations suggesting that he could amend his complaint to state a plausible theory for relief. Therefore, I am dismissing this case with prejudice for failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1.  This case is DISMISSED with prejudice for plaintiff Timothy Lee Stewart's failure to state a claim upon which relief may be granted.

2.  The clerk of court is directed to enter judgment for defendants and close the case.

Entered October 4, 2022.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge